# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts

---

## SOUTHWORTH *v.* ADAMS and others.

*(Circuit Court, E. D. Wisconsin.* October 18, 1880.)

1. JURISDICTION—WILLS—REMOVAL ACT OF 1875.—By the law of Wisconsin, at the time this action was begun, jurisdiction to establish lost wills was vested in the circuit courts of the state and not in the probate courts. In an action brought in the state court by an alleged legatee under a lost will, against the sole heir at law, to establish the will, and removed to the federal court under the removal act of 1875, the parties being citizens of different states, *held*, that although the federal court might not have jurisdiction of such an action, if originally brought in that court, the case was removable under the act, and that, after it was transferred to the federal court, that court had jurisdiction of the same.

See *Gaines* v. *Fuentes et al.* 2 Otto, 10.

*Mr. Cassoday* and *Mr Paige*, for complainant.

*Mr. Weeks* and *Mr. Lillibridge*, for defendant.

DYER, D. J. This is an action originally brought in the state court to establish an alleged lost will of Richard De Forest, deceased, and removed to this court at the instance of the defendant. The complainant is a citizen of the state

of Iowa, and claims to be a legatee under the alleged will. The defendant Jane N. Adams is a citizen of the state of Michigan, and the sole heir at law of De Forest. The estate of deceased was situated in this state, and was being administered upon in the probate court of Walworth county, as the estate of an intestate, when this action was brought. The administrator is a party to the action with the heir at law, but the controversy is between complainant and the defendant Jane N. Adams. As the pleadings in the action originally conformed to the practice under the State Code, and as the suit is one in equity, after the removal of the cause to this court the pleadings were reframed so as to conform to the requirements of the practice in chancery; and the prayer of the bill is "that proof be taken of the execution and validity of the said last will and testament;   *   *   *   and that the said will be established and adjudged as the last will and testament of the said Richard De Forest." Issue was joined by answer duly filed, and the case has proceeded here to the extent of taking the testimony. A motion is now made by complainant to remand the case to the state court.

The general ground of the motion is that this court has not jurisdiction of the subject-matter of the action. And in support of the motion it is urged that the purpose of the action is to obtain probate of a lost will; that the federal court, like the court of chancery of England, has not and never had jurisdiction of the probate of wills, that jurisdiction being vested exclusively in the courts of the state, upon which is devolved, by statute, the administration of estates; that a proceeding to probate a will is in the nature of a proceeding *in rem*, not necessarily involving a controversy between parties, and that therefore the present action is not a "suit of a civil nature at law or in equity," nor a "controversy between citizens of different states," within the meaning of section 2, art. 3, of the constitution, nor of the removal act of March 3, 1875, under which the cause was removed to this court. It has been held by the supreme court that the federal courts have no probate jurisdiction. This has been directly or incidentally declared in cases where an attempt was made to compel payment of a bequest under a will not admitted to probate,

or to set aside a will for fraud or imposition, or to set aside the probate thereof on the ground of mistake, fraud, or forgery. And in one of the cases it was said, that whatever the cause of the establishment of the doctrine that a bill in equity will not lie to set aside a will or its probate, "there is ample reason for its maintenance in this country, from the full jurisdiction over the subject of wills vested in the probate courts, and the revisory power over their adjudications in the appellate courts." The cases in which the question in its different phases has arisen or been discused, are *Armstrong* v. *Lear Adm'r, etc.*, 12 Wheat. 169; *Tarver* v. *Tarver*, 9 Pet. 174; *Gaines* v. *Chew*, 2 How. 619; *Fouvergne et al.* v. *New Orleans et al.* 18 How. 470; *Gaines* v. *New Orleans*, 6 Wall. 642, 703; *Case of Broderick's Will*, 21 Wall. 503; and *Gaines* v. *Fuentes et al.* 92 U. S. 10. With the exception of the case last cited, all of these were cases originally brought in the federal courts, thus presenting the question of original jurisdiction of those courts to entertain bills of the nature before indicated. But that is hardly the question here presented. For, even if the present bill could not have been filed as an original proceeding in this court, the question is whether this was not, when pending in the state court, a suit in equity in which there was a controversy between citizens of different states, and whether, after removal of the same under and pursuant to the removal act of 1875, this court was not then invested with jurisdiction of the cause.

As appears from several of the cases cited, the denial of general equity jurisdiction to entertain causes involving the probate of wills is made to rest largely upon the fact that such jurisdiction is exclusively vested in the probate courts, and in some of the cases, as in that of *Broderick's Will*, this point is enforced by reference to state statutes which lodge such jurisdiction in the probate courts. It was, however, a peculiarity of the law of Wisconsin, when this action was commenced, that by statute jurisdiction to establish a lost will was vested in the circuit courts of the state, and, by implication, the probate courts, in that particular class of cases, had not jurisdiction. The statute provided that "whenever any will of real or personal estate shall be lost, or destroyed by accident

or design, the circuit court shall have the same power to take proof of the execution and validity of such will, and to establish the same, as in the case of lost deeds;" and no statute at that time conferred such power upon the probate court. The complainant was, therefore, compelled to institute her proceeding to establish the alleged lost will in the circuit court of the state, and from that court all causes may be removed to this court which are made removable by the acts of congress.

· Now it is true that the ordinary statutory proceeding to probate a will to some extent partakes of the nature of a proceeding in *rem,* because all parties interested are cited to appear, and because it does not of necessity involve a controversy between the parties. But, in the case at bar, a legatee under the alleged will is seeking, by action against the sole heir at law, to establish the will. The proceeding is in form and substance a suit. There is an issue between the two parties involving the execution, existence, and validity of the supposed will; the one party contending for her rights as a legatee, and the other for her rights as the only heir at law. Of necessity the controversy had to assume the usual form of a suit between hostile parties in the state court, and, as the probate court had not jurisdiction of the subject-matter, the proceeding was necessarily instituted in a court of general jurisdiction in the state, where the statute lodged jurisdiction to establish lost wills "as in the case of lost deeds." Now was not this, when it was pending in the state court, a suit of a civil nature, in equity, in which there was a controversy between citizens of different states, (and that the matter in dispute exceeds, exclusive of costs, the sum of $500 is not questioned,) within the meaning of the removal act of 1875? That statute provides "that *any* suit of a civil nature, at law or in equity, now pending or hereafter brought in any state court, where the matter in dispute exceeds, exclusive of costs, the sum or value of $500, * * * in which there shall be a controversy between citizens of different states," may be removed by either party into the circuit court of the United States for the proper district. In view of the character and necessary form of the present action, and of the

fact that it is a proceeding of which the probate courts of the state had not jurisdiction, the jurisdiction to entertain it being by state statute vested in the circuit courts of the state, and in view of the broad language of the removal act of 1875, I am unable to perceive why this is not a "suit" in which there is "a controversy between citizens of different states" within the meaning of that act. And this conclusion, it seems to me, is strongly supported by the language of Justice Field in the opinion delivered by him in *Gaines* v. *Fuentes et al., supra.* It is true that was in form a suit brought to annul a will, as a muniment of title, to restrain the enforcement of a decree admitting it to probate; but, as said by Justice Bradley in his dissenting opinion, it was a proceeding not merely to set aside the will so far as it affected the defendants in error. Its real object was to revoke the probate of a will, and as the case was originally commenced in the state court of Louisiana, and as the question was whether it could be transferred to the federal court, there does not seem to be a very substantial distinction upon principle between that case and the one at bar. The removal in that case was attempted to be made under the act of congress of March 2, 1867, which authorizes removals on the ground of prejudice and local influence. And even that act, Justice Field, speaking for the majority of the court, says, "covered every possible case involving controversies between citizens of the state where the suit was brought and citizens of other states, if the matter in dispute, exclusive of costs, exceeded the sum of $500. It mattered not whether the suit was brought in a state court of limited or general jurisdiction. The only test was, did it involve a controversy between citizens of the state and citizens of other states, and did the matter in dispute exceed a specified amount? And a controversy was involved, in the sense of the statute, whenever any property *or claim of the parties,* capable of pecuniary estimation, was the subject of litigation, and was presented by the pleadings for judicial determination." An examination of the opinion will show that jurisdiction was sustained as well upon the provisions of the act authorizing the removal as upon the point that the action was one to annul the will as a muniment of title; for the court say,

further, that "if the federal court had, by no previous act, jurisdiction to pass upon and determine the controversy existing between the parties in the parish court of Orleans, it was invested with the necessary jurisdiction by this act itself as soon as the case was transferred. In authorizing and requiring the transfer of cases involving particular controversies from a state court to a federal court, the statute thereby clothed the latter court with all the authority essential for the complete adjudication of the controversies, even though it should be admitted that that court could not have taken original cognizance of the cases." And further, after discussing the point that the suit was one to annul the will as a muniment of title, the opinion proceeds: "But * * * it is *sufficient, for the disposition of the case, that the statute of 1867, in authorizing a transfer of the cause to the federal court,* does, in our judgment, by that fact, invest that court with all needed jurisdiction to adjudicate finally and settle the controversy involved." With equal force might this language be used in considering the question as it arises in the case at bar under the removal act of 1875.

It is also observed by Justice Field, in his opinion, that "the limitation of the original jurisdiction of the federal court, and of the right of removal from a state court, to a class of cases between citizens of different states involving a designated amount, and brought by or against resident citizens of the state, was only a matter of legislative discretion. The constitution imposes no limitation upon the class of cases involving controversies between citizens of different states to which the judicial power of the United States may be extended; and congress may, therefore, lawfully provide for bringing, at the option of either of the parties, all such controversies within the jurisdiction of the federal judiciary."

Since the jurisdiction to establish a lost will was vested by statute of the state in the circuit courts of the state, and not in the probate courts; and since the act of congress of 1875 authorizes the removal from the state circuit court to the federal court of *any* suit involving a specified amount, and in which there is a controversy between citizens of different states; and in view of the enunciation of the supreme court

bearing on the question in *Gaines* v. *Fuentes*,—I am of opinion that this cause was removable under the act of 1875, and that, upon its transfer under that act, this court became invested with jurisdiction to determine the controversy between the parties.

Motion to remand overruled.