STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. FLORENCE WILLIAMS, ALIAS FLORENCE HOFFMAN, SAMUEL HOFFMAN, ALIAS CAPPY HOFFMAN, JOSEPHINE BAROODY AND TOUFEEK BAROODY, PLAINTIFFS IN ERROR.

Argued May 6, 1930—Decided January 16, 1931.

Before GUMMERE, CHIEF JHSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiffs in error, *John Rauffenbart* (*Ulysses G. Styron,* of counsel).

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

The defendants were convicted in Atlantic county upon an indictment charging them with having unlawfully and illegally in their possession opium. They assign error upon bills of exceptions and specify causes for reversal under sections 136 and 137 of the Criminal Procedure act.

At the trial the evidence tended to show that on the night of November 30th, 1929, a raid was made upon premises in Atlantic City leased and occupied by the defendant Hoffman, with whom lived the other defendants, Florence Williams, Josephine Baroody and Toufeek Baroody. The officers entered a room in which was Toufeek Baroody, and found a can of opium and opium pipes and other implements used in

opium smoking, and two loaded revolvers. Defendant Hoffman was in another room. He awakened and came into the hall where the detective was standing with the can of opium. Without any suggestion from the officers as to what the can contained, in the presence of the other defendants Hoffman said: "What do you want that for? Give us a break." Later, on the following day, the detectives returned and found under Baroody's bed a suit case with more opium and implements in it. The state proved that the opium pipe had been recently used; that all the defendants had been seen using the pipe in the apartment; that there were open transoms between the rooms; that the odor of the smoking opium would go from one room to another throughout such an apartment and would come to the knowledge of any persons therein.

All of the defendants except Toufeek Baroody denied knowledge of the existence of the opium and the opium paraphernalia. Toufeek claimed that it belonged to some other person.

The defendants now say that the judge erred in denying motions to acquit the defendants. We think not. We think the evidence justified the jury in inferring, if they saw fit, that all of the defendants unlawfully had in their possession opium as charged in the indictment.

It is next said that the judge erred in refusing to strike out the testimony as to the finding of the revolvers. We incline to consider the testimony proper, but certainly its admission cannot be said to have prejudiced the defendants in maintaining their defense on the merits.

We think the testimony of Feemster, the federal government agent, as to the recent smoking of the pipe, the method of preparation, the existence of the odor in the apartment, was relevant as tending to prove knowledge and participation in the possession of the opium.

It is next said that the trial court erroneously permitted, over objection, certain questions to be asked of Marian Petrilla. These questions were put by the counsel for the state. We can find nothing in this connection justifying a reversal. As we read the record, the questions to which we are referred

in the brief were not answered, although a number of other questions were. Moreover, we find that after having objected to these and other questions, counsel for the defendants said: "I will withdraw my objection, and let her say from the stand what she wants to say."

The defendants next say that the court erroneously overruled a motion to strike out the testimony of Marian Petrilla. We think there was no error in this refusal in the circumstances above recited. Moreover, the motion was to strike out all of her testimony. That certainly was properly denied. Some of it was manifestly proper, it being to the effect that she had seen all of the defendants in the apartment at various times; that she had seen the opium pipe in the apartment; that she had seen the defendants smoke the opium pipe. As to the adjournment taken at the trial, that was within the discretion of the trial judge.

It is next said that the judge erred in refusing to direct a verdict of acquittal "of the married women defendants." This motion was properly denied. The question whether or not the women defendants were married to the men defendants was a question of fact concerning which, under the evidence, there might well be a difference of opinion, and hence the trial judge properly submitted that question to the jury with appropriate instructions.

The defendants say that the verdict was against the weight of the evidence as to all except Baroody. We cannot say that it was against the weight of the evidence as to any of the defendants. If the testimony of Marian Petrilla is to be believed, and we perceive no sufficient reason why it should not be believed, we are quite clear that the verdict was not against the weight of the evidence.

The judgment will be affirmed.