15 N.J. Super. 577 (1951)
83 A.2d 634
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
JOSEPH CRUZ, DEFENDANT. THE STATE OF NEW JERSEY, PLAINTIFF,
v.
LOUIS GAMINO, DEFENDANT. THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT DEAN, DEFENDANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 5, 1951.
*578 Mr. Richard J. Congleton, County Prosecutor (by Mr. Charles V. Webb, Jr.), attorney for the State.
Mr. Max Schomer, attorney for Joseph Cruz.
Mr. James P. Lordi, attorney for Louis Gamino.
Mr. Sol Kesselman, attorney for Robert Dean.
*579 HARTSHORNE, J.C.C.
The above are test cases as to the validity of respective accusations for possession of narcotic drugs contrary to the provisions of R.S. 24:18-4, each of such defendants having previously pleaded guilty and been sentenced as common drug addicts under the Disorderly Persons Act, R.S. 2:202-3. The issue arises on defendants' motions to dismiss the accusations under the above statute.
The agreed facts are: (1) that on July 18, 1951, each of the defendants were found in possession, and getting ready to take, a portion of heroin. They were placed under arrest. (2) Thereafter each defendant signed a written statement admitting the use of narcotic drugs some six or seven times over a period of four or five months immediately preceding their arrest as above.
Defendants claim that under State v. Labato, 7 N.J. 137 (1951), by reason of above convictions as disorderly persons, the present accusations place them in double jeopardy, contrary to the provisions of the New Jersey Constitution, Art. I, par. 11, and the somewhat broader common law principle. More specifically, they argue that since to be a drug addict one must have had possession of the drug to which he is addicted, their possession of the heroin July 18, on which the present accusations are admittedly based, is an essential ingredient of the disorderly persons offense of which they have previously been convicted.
But this contention indicates a misunderstanding both of the facts underlying their previous conviction and of the principle enunciated in State v. Labato. As our highest court itself states in such case: "The true test of former jeopardy would seem to be whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction on the first." (Ibid., p. 144).
Here the evidence necessary to sustain the present (second) accusation is the possession of the heroin on July 18. But this evidence obviously would not "have been sufficient to secure a legal conviction on the first" charge. For the charge of being a drug addict depends not on a single, *580 simple, possession of narcotics, whether legal or illegal, but upon the habitual use of narcotics. Clearly the facts on which the State relied on the disorderly persons charge was not the single possession on July 18, but the written confessions by the defendants as to their habitual use of narcotics previously. Obviously these facts alone can have induced defendants to plead guilty to such charge.
Thus, in fact, "the evidence necessary to sustain the second (i.e., the instant) indictment" may well not have been at all pertinent to the first conviction. Certainly it did not suffice to sustain such conviction. Far different is the present situation, where one prosecution is based on possession, the other on habitual use, from the situation in the Labato case where "the two prosecutions concern the one supposed act of possession."
Defendants further contend that the provisions of the narcotic act in question, under which the present accusation is based, do not prohibit possession for personal use, the situation which admittedly exists here. The statute in question, the Uniform Narcotic Drug Act, provides: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized by this chapter." (R.S. 24:18-4.) Defendants seek to read these restrictive words into the statute, because of the subsequent amendment of the Disorderly Persons Act in 1948 (L. 1948, c. 135; R.S. 2:202-3), to penalize drug addicts, and the even more recent amendment of the penalty provisions of the Narcotic Drug Act, May 4, 1951 (N.J.S.A. 24:18-47), imposing heavy and mandatory sentences.
But not only is the language of the statute general, without the restrictive words sought to be applied, but this act, uniform in practically every state of the country, has long since been held to have, in this regard, the general meaning which its words normally indicate. In State v. Martin, 192 So. 694, 696 (Sup. Ct. La. 1939), it is expressly held that possession of narcotic drugs for personal use is prohibited by the act. *581 The reason for this, as the court there says, is that "It is not possible to restrict the possession of a narcotic drug to the persons who must necessarily possess it, except by making unlawful the possession of the drug by any other person."
Indeed were it lawful for any member of the public to have in his possession any quantity of narcotic drugs, it can readily be seen how ineffective the Narcotic Drug Act itself would be. Since the Federal Narcotic Act, known as the Harrison Act, is not a police power, but a tax act, intended to reach narcotic drug dealers, obviously the meaning attachable to the possession of drugs thereunder is in no wise analogous to the meaning to be given to possession under the State Uniform Narcotic Drug Act. Lamento v. United States, 4 F.2d 901 (C.C.A. 8, 1925). Further, our previous Supreme Court has already upheld a conviction under the State act for mere personal possession of narcotics. State v. Williams, 9 N.J. Misc. 106 (Sup. Ct. 1931).
Finally, defendants' argument essentially admits that the State act originally prohibited personal possession of narcotics, but contends that the above amendment to the Disorderly Persons Act, penalizing drug addicts, impliedly repealed the above prohibition in the State drug act of personal possession. In the first place, repealers by implication are never favored in the law, and "The indication of an intention to effect a repeal of prior legislation must be clear and compelling. There is a presumption against such an intention. * * * If the provisions of the latter and prior acts are reconcilable, effect must be given to both in their respective spheres." French v. Ocean City, 136 N.J.L. 57 (Sup. Ct. 1947). There is no such clear and compelling evidence of the Legislature's intent, in amending the Disorderly Persons Act, to impliedly repeal the general and normal meaning of the terms of the State Narcotic Drug Act. The disorderly persons provisions are clearly reconcilable with the state drug act. The obvious purpose of the Disorderly Persons Act is to provide a simple effective method for the conviction *582 and rehabilitation of those who have unfortunately become addicted to narcotics.
Similarly, the above 1951 amendment increasing the penalties of the violation of the State Narcotic Drug Act are to be considered, not as indicating any such unusual and disfavored situation as a repealer by implication, but the intention of our Legislature to comply with public demand, and stamp out sternly the traffic in, and use of, narcotic drugs, which is presently such a serious menace to all our citizens.
Since the grounds of defendants' motions are insubstantial, the motions are denied.