Parker, C. J.
The plea in bar, of which the record of the justice is to be considered a part, it being set out upon oyer prayed by the Attorney-General, is defective in * several particulars. The plea ought to have averred the identity of the defendant with the person tried and convicted before the justice ; and it ought to have set forth more specially the jurisdiction of the justice, and the proceedings before him.
Still, if sufficient matter appears by the plea and the record to show that the offence, of which the defendant is now indicted, is the same for which he has been tried, convicted, and punished, and that the justice had jurisdiction over that offence, the defendant ought not to be held again to answer. And we think that so much substantially appears from the whole record before us. It is averred, that he, the defendant, was complained of to the justice, was apprehended, tried, and convicted ; that he has suffered the judgment awarded ; and that the trespass described in the indictment is the same trespass which was the subject of the trial before the justice ; and, by the statute describing the powers of justices of the peace in criminal matters, it appears that they have authority to hear and determine complaints for assaults and batteries which are not of a high and aggravated nature. That the assault and battery charged in the indictment were not of a high and aggravated nature must be presumed ; because, if it had been, the Attorney-General would have replied that matter ; and, if it had been so found on trial, the judgment of the justice would have been no bar to the present prosecution.
We have, however, principally considered the more general objection, namely, that which applies to the record of the proceedings of the justice. It is said by the Attorney-General, that the record is so defective that it cannot support the plea of the defendant.
The principal defect relied upon is, that the justice, after an examination of the case, ordered the defendant to recognize for his appearance at the Court of Common Pleas to answer for the offence • and that he afterwards permitted him to retract his plea, and to plead guilty; * whereupon he proceeded to sentence him to pay a fine and costs of prosecution.
*366 This proceeding was undoubtedly irregular, as it appears on the record. But the justice, having, by the statute, jurisdiction of the offence, and a discretionary power to recognize the party, or to hear and determine the cause, might lawfully reconsider his determination to recognize, while the proceedings remained open, and proceed to hear the cause, if, in his discretion, this course was thought by him to be proper.
By the record it must be understood, that the order to recognize, and the subsequent proceeding to sentence, upon a retraction of the plea of not guilty, were upon the same day, and, indeed, while the court remained open, and the proceedings were in fieri. For, although there was an order to recognize, no recognizance was taken; nor was there any commitment for refusing or neglecting to obey that order. We must presume that the justice, upon due consideration, determined, that the offence did not require a heavier punishment than he was authorized to inflict; and we see no reason for denying him the authority so to deliberate and reconsider matters within his discretion. For, if he should, by mistake, proceed to punish an offence, which, from its aggravated nature, ought to be inquired into and punished by a higher tribunal, it is always in the power of the government, by putting the jurisdiction in issue, to avoid the consequences of any mistake, or of any undue lenity.
In substance, therefore, the authority of the justice has not been misapplied. But it is said, that, as the record shows that he ordered the party to recognize, and that he afterwards proceeded to sentence, the judgment is erroneous, and ought not to be a bar to the indictment.
But we apprehend, that, whenever it is made to appear substantially, by the record of a trial, that the second prosecution of the same party is for the same offence, and that, on the first prosecution, judgment has been awarded *and actually executed, the court passing the first judgment having jurisdiction over the person and the offence, the second prosecution must be barred. For otherwise there is no remedy to the party, who may be exposed to two punishments for the same offence, contrary to the plainest principles of justice and of the criminal law.
It is stated by Sergeant Hawkins to be settled, that, whenever an indictment whereon a man is acquitted is so far erroneous, either for want of substance in setting out the crime, or of authority in the judge before whom it was tried, that no good judgment could have been given against the defendant, the acquittal can be no bar, because, in apprehension of law, the party was never in danger. But, if there be no error but only in the process, the acquittal will be a good bar to a subsequent prosecution, notwithstanding such error (4). This *367 doctrine will apply more forcibly to a conviction. For, where that has taken place, and the judgment has beén actually executed, there is no relief but by pleading it in bar to a second prosecution. A writ of error would by no means restore the party. In the tenth section of the chapter above cited from Hawkins, it is said, an acquittal in any court whatsoever, which has jurisdiction of the cause, is as good as if in the highest court. A fortiori should a conviction be good in such case.
The Attorney-General has also insisted, that the defendant’s plea is bad, because he has not pleaded over to the country, as well as ask judgment of the Court on the matter set forth in his har. And this form, according to Sir Matthew Hale in the place cited by the Attor ney-General, seems to be requisite. But none of us recollect this form of pleading in this country ; and, if it was ever required, it has gone into disuse. The English books of entries also show pleas of this form ; (5) but other passages in Hale render it doubtful whether it is essential. In page 256 of his Hist. Plac. Cor. it is said, “ If defendant plead any matter of fact to the indictment, or plead autrefois acquit or convict, he shall plead over to the felony ; and, *although he doth it not upon his plea, but his plea ■ is found against him, he shall not thereby be convict, without pleading to the felony and trial upon it.”
When the plea is found against the defendant, in this country, he will be put to plead again to the indictment, and the trial will proceed as if no previous proceedings had passed.

Plea in bar adjudged good

 2 Hawk P. C c. 35, § 8.

 Tremayne, 16. — 3 Inst. 131.