## COMMONWEALTH vs. MICHAEL GOLDING.

An arraignment before a justice of the peace on a complaint on *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors, is no bar to an indictment for the same offence.

In this commonwealth, after a plea in bar of an indictment for a misdemeanor has been adjudged bad, the defendant may plead over.

INDICTMENT on *St.* 1855, *c.* 215, §§ 15, 17, for being a common seller and for unlawful single sales of intoxicating liquors. Plea, that (by virtue of the *St.* of 1858, *c.* 457, § 2,) justices of the peace, commissioned to try criminal cases, have exclusive jurisdiction of these offences; and that this defendant had been brought before one of said justices, and arraigned upon a complaint in due form for the same offence.

At October term 1858 of the court of common pleas in Middlesex, the district attorney demurred to this plea; *Aiken*, J. sustained the demurrer, and disallowed the defendant's motion to plead over; and the defendant alleged exceptions.

*N. St. J. Green*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. The insufficiency of the defendant's plea is established by the cases of *Commonwealth v. Harris*, 8 Gray, 470, and *Withipole's case*, Cro. Car. 147.

But the court are of opinion that the defendant ought to have been permitted to plead over to the indictment, after his plea in bar thereof was adjudged bad, although the indictment was not for a felony, but for a misdemeanor. By the English law, when a demurrer to a plea in bar of an indictment for felony is sustained, the defendant is allowed to plead over and go to trial before a jury; but not when a demurrer to his plea in bar of an indictment for a misdemeanor is sustained. In the latter case, final judgment is rendered against him. *The King* v. *Taylor*,

5 D. & R. 422, and 3 B. & C. 502. 1 Deac. Crim. Law, 357. In this commonwealth, however, no distinction is recognized, in this matter, between indictments for capital offences and indictments for misdemeanors. In both, the defendant may plead over to the indictment, when a demurrer to his plea in bar is sustained. This was decided, as to capital indictments, in *Commonwealth* v. *Roby*, 12 Pick. 510, and *Commonwealth* v. *Wade*, 17 Pick. 402; and was declared, by Parker, C. J., to be the law as to indictments for misdemeanors, in *Commonwealth* v. *Goddard*, 13 Mass. 455. And so the law has since been understood and administered. *Commonwealth* v. *Peters*, 12 Met. 389. *Commonwealth* v. *Goodenough*, Thach. Crim. Cas. 132, 137. *Commonwealth* v. *Curtis*, Thach. Crim. Cas. 202, 211. See 1 Bennett & Heard's Lead. Crim. Cas. 343, 344.

*Exceptions sustained.*