Anderson, J.,
delivered the opinion of the court.
The court is of opinion that the plea of the plaintiff' in-error to the information, although very informal, substantially avers matter which constitutes a bar to the-prosecution, the counsel having agreed that the record referred to, is to be regarded as copied in and part ot the plea. It sets out the record of proceedings in the corporation court of Alexandria, upon an information which is recited, together with the proceedings thereon, in -which it is charged that on the 11th of September in the-year 1871, in the city of Alexandria, Samuel Day, the keeper of a house of entertainment, in the said city, did in the house of entertainment of him the said Samuel Day, in the city aforesaid, permit unlawful gaming, by permitting divers persons there assembled, then and there to play at cards, against the peace and dignity of the commonwealth of Virginia. That there was a demurrer by the defendant to said information, which was *917 -overruled by the court; that the defendant then pleaded not guilty; upon which plea issue was joined; that the issue was tried by a jury who rendered a verdict of “ not guilty,” and the judgment of the court thereon that the said Samuel Day be discharged of the said offence, and go thereof without day. And the plea avers that he (the defendant) and the said Samuel Day, so indicted and acquitted as aforesaid, are one and the same person, and the misdemeanor of which he was prosecuted and acquitted as aforesaid, and the misdemeanor of which he is indicted, are one and the same and not different misdemeanors. Parker O. J., we think justly said in Commonwealth v. Goddard, 13 Mass. R. 455; “ Whenever it is made to appear substantially, by the record of a trial, that the second prosecution of the same party is for the same offence, and that on the first prosecution judgment has been awarded and actually executed (the plea in that case was autrefois convict,) the -court passing the first judgment having jurisdiction over the person and the offence, the second prosecution must be barred. In this case we are of opinion that the plea substantially avers, that the defendant had been previously prosecuted, tried and acquitted, by a court of •competent jurisdiction, for the same offence, and that the judgment of acquittal remained in force and effect, and although inartificially drawn, it is a good plea of autrefois acquit upon demurrer; and consequently, that the court below erred in sustaining the demurrer to the plea. The court is of opinion that the demurrer ought •to have been overruled, and the attorney for the commonwealth, if he desired it, to have had leave to reply. And if he did not wish to reply, judgment should have been entered for defendant. The court is, therefore, of 'Opinion that the verdict in this cause be set aside, and *918 the judgment be reversed and annulled, and the causéis remanded to the Corporation court of Alexandria, to. be proceeded in, in conformity with this order.
Judgment reversed.