### UNITED STATES v. ROCKEFELLER et al.

(District Court, S. D. New York. June 15, 1915.)

CRIMINAL LAW ☞286—DEMURRER—RIGHT TO PLEAD OVER.

In a prosecution for conspiring to monopolize commerce, where defendant was permitted to withdraw his plea of not guilty and interpose special pleas in bar, and to demur to replications thereto, it was proper, upon overruling the demurrers, to allow defendant to plead over to the merits of the charge, although the offense was a misdemeanor; the pleas in bar not necessarily importing an admission of guilt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 657, 658, 662, 664, 665; Dec. Dig. ☞286.]

William Rockefeller, Edward D. Robbins, and others were indicted February 26, 1915, for conspiring to monopolize commerce. United States v. Elton et al. (D. C.) 222 Fed. 428; United States v. Skinner et al. (D. C.) 218 Fed. 870. Robbins entered a plea of not guilty, which he was thereafter permitted to withdraw, and interpose four pleas in bar. To two of these pleas demurrers were sustained, and as to two others, where replications were filed, demurrers were overruled. Motion for judgment of conviction denied, and defendants allowed to plead over.

See, also, 222 Fed. 534.

H. Snowden Marshall, U. S. Atty., of New York City, R. L. Batts and Frank M. Swacker, Sp. Asst. Attys. Gen., and Robert P. Stephenson, Asst. U. S. Atty., of New York City.

Pratt, Koehler & Boyle, of New York City (Addison S. Pratt, of New York City, of counsel), for defendant Robbins.

HUNT, Circuit Judge. The government has moved for judgment of conviction upon the overruling of the pleas in bar of the defendant Robbins. The contention in support of the motion is that, inasmuch as the rules of procedure applicable to criminal cases in the United States courts are those of the common law, except where there is express modification by statute, the rigid rule that a judgment of conviction must follow the overruling of pleas in bar and demurrers in misdemeanor cases must control.

It is, of course, very unusual for a court to be asked to punish a man as guilty because he has failed to sustain a defense at law which does not on its face necessarily involve admission of guilt. It is very important that the court should not exercise such authority as the motion assumes exists, unless it is clearly in the court. The exercise of such power might be depriving defendant of the most important right of trial by jury.

In Rex v. Taylor, 3 B. & C. 502 (1824), it was undoubtedly held by the Court of King's Bench that in cases of misdemeanor there could be no pleading over by a defendant, but that final judgment should go against him. There, on an indictment charging misdemeanor, defendant pleaded autrefois acquit. There was a demurrer, praying judgment of respondeat ouster, and joinder in demurrer. The court treated the plea as one in bar and held that the plea in abatement, if held bad on demurrer, should be followed by a judgment that the defendant answer over, but that, the plea being in bar and being held bad on demurrer, judgment in general should go against the defendant. The reasoning of the decision was that in misdemeanors the rule of civil actions applied in the case of issue joined on a plea in abatement, but that in felony cases, the rule being in favor of life, no distinction should be made between pleas which contained an admission of guilt and those which imported a denial of guilt. In adopting this view the court followed the opinion of Lord Chief Justice Holt, reported in 2 Lord Raymond, 921, and rejected an apparently conflicting opinion which had been pronounced in the Earl of Devonshire's case, 2 Howell's State Trials. Although Rex v. Taylor, just cited, is not referred to in Regina v. Faderman and Others, 4 Cox's Criminal Cases, 359, decided in 1850 by the Central Criminal Court of England, I gather from the opinion of Baron Alderson that in misdemeanor cases the strict rule was that judgment should be final, even though a plea was interposed which did not confess the matter at issue. In Eichorn v. Le Maitre, 2 Wilson, 367, decided in 1768, a civil case where an issue of fact had been tried out, it was held that upon a plea, whether in abatement or in bar, found against the defendant, judgment should be peremptory, but, where there had been a demurrer interposed to a plea in abatement, the defendant could plead over. It was reasoned that if a man pleads a fact he knows to be false, and a verdict is rendered against him, judgment ought to be final, for a man must be presumed to know whether his plea is true or false; but upon a demurrer to a plea in abatement it was said that there should be respondeat ouster, because every man should not be presumed to know the matter of

law, which he leaves to the judgment of the court. See, also, Bowen v. Shapcott (1801) 1 East, 542.

It is to be observed, however, that in the days of George IV, when Rex v. Taylor, supra, was decided, the practice in misdemeanors was not assimilated to that in felonies. But with us—to an extent, at least—there has been such assimilation of practice, for section 1026, R. S. U. S. (Comp. St. 1913, § 1692), makes respondeat ouster the proper judgment in every case where a demurrer to an indictment or information is overruled. By analogy it seems to me to be reasonable to hold that the practice as to misdemeanors and felonies may be so far assimilated as to allow one who, under indictment for a misdemeanor, interposes a special plea in bar which in its facts does not necessarily involve an admission of the crime charged, to plead over and to have the question of guilt on the merits tried to a jury.

In United States v. Quinn, Fed. Cas. No. 16,110, where there was a demurrer to an indictment for a misdemeanor and the demurrer was overruled, judgment absolute was rendered against defendant; no suggestion having been made to the court that the defendant had any defense to the indictment. In United States v. Heike, 217 U. S. 423, 30 Sup. Ct. 539, 54 L. Ed. 821, Justice Day, for the Supreme Court, recognizes that in misdemeanors it was "usual" in England to enter a judgment of conviction, where a plea in bar had been interposed by a defendant and had been overruled. There is no question that such was the usual practice. Archbold's Criminal Practice and Pleading, 356–357, citing Rex v. Taylor, supra. My difficulty has been to ascertain whether it was the only practice, and whether departure from it is permissible.

In Commonwealth v. Goddard (1816) 13 Mass. 455, defendant, being indicted for assault and battery, pleaded in bar a former conviction of the same offense before a justice of the peace. The Attorney General demanded oyer of the record of conviction, and demurred to the plea in bar, and the defendant joined in the demurrer. Chief Justice Parker, for the court, briefly referred to the argument of the Attorney General that the defendant's plea was bad, because he had not pleaded over to the country, as well as asked judgment of the court on the matter set forth in his bar. Such a practice was held not to be requisite in this country, and it was decided that, when a plea in bar was found against the defendant in this country, he would be put to plead again to the indictment, and the trial should proceed as if no previous proceeding had passed.

In Barge v. Commonwealth (1831), 3 Pen. & W. (Pa.) 262, 23 Am. Dec. 81, an indictment was found against defendant for fornication and bastardy. Defendant pleaded autrefois acquit and not guilty. There was an issue to the court. Judgment for the commonwealth was rendered on the issue. The Attorney General then moved the court that judgment be pronounced against the defendant. Defendant's counsel objected. The court overruled the objection, refused a trial on the plea of not guilty, and pronounced judgment against the defendant. On review the Supreme Court, through Chief Justice Gibson, said that no adjudged case supported the dictum

of Lord Holt in Queen v. Goddard, 2 Lord Raymond, 922, that a defendant could plead over only in treason or felony, and referred to the failure of elementary writers, except Lord Hale, to adopt Lord Holt's view. The Chief Justice also says that an undoubted practice has sprung up since the time of Lord Hale by which, in cases of misdemeanor, the defendant has judgment of respondeat ouster upon an adverse determination of his plea in abatement in matter of law. "This stops short of the rule in felony," continues the learned Chief Justice, "by which no plea, whether in abatement or in bar, or whether determinable as matter of law or matter of fact, precludes the defendant from the benefit of the same judgment." Continuing, it was said to be well settled that, if a plea in abatement be determined against the defendant on demurrer, the judgment is that he answer over; and why not, if a special plea in bar be thus determined, provided it contain no confession of facts that constitute guilt? Special pleas in bar are put upon the same plane as a plea in abatement. Chief Justice Gibson said:

"The argument, then, is found at last to rest on a technical rule of pleading, which, having been abolished in civil cases in order to allow a defendant as many pleas as justice may require, where property to the value of a shilling is involved, is nevertheless, we are told, to be sternly enforced where the defendant's character, liberty, and perhaps the peace of his family, are jeoparded. * * * The same justice, not to say humanity, which originally dictated a judgment of respondeat ouster in felony, dictates the same judgment in cases of misdemeanor, where the defendant's special plea in bar has been determined against him on matter of law."

In Foster v. Commonwealth (1844), 8 Watts & S. (Pa.) 77, defendant was indicted for libel. Special plea in bar was interposed. There was a general demurrer and joinder. The trial court entered a judgment against the defendant of respondeat ouster. The Supreme Court referred to the case of Barge v. Commonwealth, supra, as presenting the question upon a plea, not in abatement, but in bar. King v. Taylor, 3 B. & C. 502, is commented upon as being in conflict with Barge v. Commonwealth, but the court said it found nothing in the reasons for the English decision sufficiently cogent to draw it from the principle. Chitty, in Criminal Law (volume 1, p. 434), is regarded by the court as stating that, in misdemeanors, pleading over was not a matter of right, but rested in the discretion of the court. Continuing, Chief Justice Gibson said:

"Listening to the voice, not of humanity, but justice, we have carried this discretion a single step further, by applying it to all cases, without regard to the punishment, in which the plea contains no confession of facts which constitute guilt."

In volume 1 of Chitty's Criminal Law it is said that while as matter of right in felony cases a man could not forfeit his life by any technical nicety or legal error, in misdemeanors if a defendant plead in bar and an issue of fact thereon be determined against him, he will have totally lost the benefit of a trial on the offense itself, and yet that it was in the discretion of the court to allow him still to plead not guilty, and that the courts would probably exercise such discretion when the penalty incurred on conviction is very severe.

In the District Court in this District, in United States v. Hopkins & Company, 228 Fed. ——, charged with a misdemeanor, plea in bar was interposed. Demurrer to this plea was sustained, and defendant permitted to plead not guilty. Judge Hough, in a memorandum filed (1912), referred to Rex v. Taylor, supra, and said that the severity of the rule of that case had been relaxed, and while the learned judge added no citations in support of his statement, I doubt not that he had read some of the American authorities to which I have adverted.

Considering, then, the disposition of our law, as it has been interpreted by the expressions of the courts, to abolish too literal adherence to ancient rules of pleading, with the great end in mind of preserving to one charged with a serious offense the right of trial by jury, I conclude, both upon reason and by the light of the authority of our own great judges, that the court is not limited to the more severe rule, and does not act in excess of its power in allowing defendant to plead over to the merits of the charge.

The motion for an order of judgment of conviction of the offense charged in the indictment is denied, and defendant may plead over within two days.