THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
THOMAS L. SNOVER, PLAINTIFF IN ERROR.

Submitted March 25, 1925—Decided May 18, 1925.

1. On cross-examination, counsel cannot inject into the trial of the cause collateral matter which has no bearing on the issue between the parties.
2. The alleged bill of exceptions in the present case—*Held*, insufficient. It was not settled, signed or sealed by the trial judge, as required by section 135 of the Criminal Procedure act. 2 *Comp. Stat. of N. J.*, *p.* 1862. It shows no more than that questions were admitted or overruled, or instructions were refused or given to the jury, to which defendant's counsel took exceptions.

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 1153.

For the plaintiff in error, *Joseph M. Roseberry & Son.*

For the defendant in error, *Sylvester C. Smith, Jr.*

The opinion of the court was delivered by

BLACK, J. The plaintiff in error was indicted by the Warren county grand jury. The indictment contained three counts.

The first count charged the defendant, with three others, that he did willfully and maliciously set fire to and burn a certain barn, not a parcel of the dwelling-house and a certain grist mill, &c.

The second count charged the defendant, with three others, that he did willfully and maliciously set fire to and burn, or cause to be burned, a dwelling-house.

The third count charged the defendant, with three others, that he did willfully and maliciously set fire to and burn a certain barn there situated, which was at the time insured by the National Liberty Insurance Company of New York, with intent to prejudice the insurance company. The jury found

all the defendants guilty as charged in the indictment. The defendant Thomas L. Snover was sentenced on the first count. On the second and third counts sentence was suspended. The defendant then sued out a writ of error from the Supreme Court.

Eighteen assignments of error were filed. The Supreme Court affirmed the judgment of conviction. Then, a writ of error was sued out of this court. As an assignment of error it is alleged the Supreme Court erred in giving judgment for the state by affirming the judgment of conviction, and this, according to our practice, makes available to plaintiff in error all the assignments in the Supreme Court.

Only two of the points presented in the argument on this appeal call for any discussion, viz.—first, there is assigned as error, the overruling by the trial judge, three questions put by the defendants' counsel to a witness Isaac E. Wildrick on cross-examination, of which the following one is illustrative: "*Q.* The will was proved in the surrogate's office September 1st, 1921, was it not?" referring to the will of his mother, Harriet Willever.

The ruling of the trial court excluding this class of questions falls directly within the prohibition of what this court said in the case of *Farley* v. *Mikulsky, ante p.* 127, viz., counsel cannot inject into the trial of the cause collateral matter, which has no bearing on the issue between the parties. The application of the principle is illustrated in the case of *Daum* v. *North Jersey Street Railway Co.,* 69 *N. J. L.* 15; *affirmed,* 70 *Id.* 338; *Wigm. Ev.,* § 1002; 40 *Cyc.* 2493 (13); 28 *R. C. L.* 607, § 197. A test as to what is collateral is said to be, could the fact, as to which error is predicated, have been shown in evidence for any independent purpose. Wigmore says the sound rule would be to leave the application of the rule entirely in the control of the trial court. *Wigm. Ev.,* § 1003.

It is next argued that it was error for the Supreme Court to refuse to consider whether or not it was error for the trial court to refuse certain requests to charge the jury, on the ground that the requests refer to the testimony. The plaintiff in error now argues that the Supreme Court had no legal

right to say, or assume as it did, that the bill of exceptions did not contain all the evidence upon the exceptions under consideration. When cases are not brought under section 135 of the Criminal Procedure act (2 *Comp. Stat. of N. J., p.* 1862), section 135 applies, and that requires the judge "to settle a bill of such exceptions," and it "shall contain only so much of the evidence as may be necessary to present the questions of law upon which exceptions were taken at the trial," and "it shall be the duty of the court or judge, upon the settlement of the bill to strike out of the same all" the other evidence. But the act, also, provides that the judge is to settle a bill of such exceptions "and to sign and seal the said bill, to the end that the same be returned with a writ of error to the court having cognizance thereof." So, the complete answer to this point is, there is no bill of exceptions signed and sealed by the trial judge returned with the writ of error. It is quite true, at the top of page 12 of the printed book, there is printed "bill of exceptions," but there is nothing to show that it was ever settled, signed or sealed by the trial judge. A case in point is that of *State* v. *Zeilman,* 75 *N. J. L.* 357, 359; see, also, *State* v. *Fletcher,* 78 *Id.* 744. In the present case the printed book shows no more than that questions were admitted or overruled, or instructions were refused or given to the jury, to which defendants' counsel took exceptions. These were not signed by the trial judge. The printed book also contains what purports to be a part of the stenographic notes of the trial.

We find no error in the record, and the judgment of the Supreme Court affirming the judgment of the Warren County Court of Quarter Sessions is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE TRENCHARD, PARKER, MINTURN, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.