STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM MIDGELEY, DEFENDANT-APPELLANT.

Argued May 3, 1954—Reargued May 31, 1954—Decided June 7, 1954.

Mr. *William J. O'Hagan* argued the cause for appellant (*Messrs. Stout and O'Hagan,* attorneys; *Mr. O'Hagan* on the brief).

Mr. *George A. Gray* argued the cause for respondent (*Mr. J. Victor Carton,* Monmouth County Prosecutor, attorney; *Mr. Gray* on the brief).

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J.   A question is raised here under the double jeopardy provision of the 1947 *Constitution, Art.* I, *par.* 11, which reads, "No person shall, after acquittal, be tried for the same offense."

Two indictments are involved.  The first charged Midgeley with arson under *R. S.* 2:109–1 for the burning of the "dwelling house of one Aaron Shurman."  He was acquitted thereunder by direction of the court at the close of the State's

case at the trial. The acquittal was directed because the State's proofs showed that the house was and for two years had been unoccupied, and the trial judge was of the opinion that arson under the statute was not committed "unless the property was inhabited by some person" when burned.

Midgeley was thereafter indicted under *R. S.* 2:109–3(*b*) which in pertinent part provides that "any person who shall willfully or maliciously set fire to * * * with intent to burn: * * * b. any dwelling house * * * or other house or building of another * * * shall be guilty of a misdemeanor." This indictment refers to Shurman's house as a "certain building of one Aaron Shurman, to wit, an unoccupied dwelling house of the said Aaron Shurman." Midgeley interposed a plea of *autrefois acquit* to the new indictment. The State conceded that the proofs which would be offered to support the indictment would be identical with the proofs offered to support the first indictment. The trial judge sustained Midgeley's plea and dismissed the indictment.

The State appealed and the Appellate Division reversed. *State v. Midgeley*, 28 *N. J. Super.* 491 (1954). The Appellate Division concluded that Midgeley was never put in jeopardy under the first indictment if it was not legally possible to convict him thereunder in light of the State's proofs and held that prosecution under the second indictment was therefore not barred. Midgeley appeals to this court of right pursuant to *R. R.* 1:2–1(*a*).

The statutory offenses captioned "Arson and other burnings" under *chapter* 109 of *Title* 2 of the *Revised Statutes, R. S.* 2:109–1 to *R. S.* 2:109–6, since superseded by *N. J. S.* 2*A*:89–1 to 6, have essentials notably different from the essentials of the common law crime of arson. The common law felony was a crime against *another's habitation,* not against another's property but against his life and safety at his place of abode, that is, his dwelling house. 3 *Burdick, Law of Crime* (1946), *p.* 2 *et seq.* For example, it was not arson at common law for one to burn down his own home, *State v. Fish,* 27 *N. J. L.* 323 (*Sup. Ct.* 1859). But the statutory offenses under *R. S.* 2:109–1, 2 and 3 which

originated in sections 30, 31 and 32 of the Crimes Act of 1846 (*Rev. Stat.* 1847, *p.* 265), also include the burning of or attempts to burn non-dwellings and other property, and, as amended by *L.* 1919, *c.* 106, *p.* 257, embrace not only the act of the accused in burning or attempting to burn the dwelling or other building "of another" but also his own dwelling or other building.

Judicial interpretations of the original 1846 statute read into it a significance in the fact of occupancy or possession of the burned structure comparable to the emphasis upon the element of habitation in the common law offense. If the accused was charged with burning or attempting to burn the building of a named owner, dwelling house or not, and it appeared that the building was at the time in the actual occupancy or possession of some one else and not of the owner, the indictment was not sustained, *State v. Fish, supra; State v. Lentz*, 92 *N. J. L.* 17 (*Sup. Ct.* 1918). The words "of another" in the statute were construed in that circumstance to indicate the occupancy and not the ownership of the building, *State v. Duelks*, 97 *N. J. L.* 43, 52 (*Sup. Ct.* 1922). It is to be noted, however, that no decision under the statute prior to its amendment in 1919 dealt with the construction of the statute in the situation in which the building was unoccupied at the time of the burning. In such case a persuasive argument may be made that the owner has the exclusive right to possession and that the decisions referred to did not go so far as to hold that an indictment for the burning of the owner's unoccupied building did not charge the burning of the building "of another."

But, however the statute is to be interpreted in that regard prior to the 1919 amendments extending the offenses to the act of the accused in burning or attempting to burn a building "whether it be his own or that of another," under the amended statutes the crime of burning or attempting to burn the building of a named owner is proved despite the absence of proof that the owner was in the actual and immediate possession or occupancy of the building at the time of its burning, at least if it does not affirmatively appear that some

one else had possession, *State v. Snover*, 2 *N. J. Misc.* 1153 (*Sup. Ct.* 1924), affirmed 101 *N. J. L.* 543 (*E. & A.* 1925).

In the *Snover* case the defendant was convicted upon all three counts of an indictment. The first count charged him with setting fire to a barn not a parcel of the dwelling house, *R. S.* 2:109–2, and the second count charged him with setting fire to and burning a dwelling house, *R. S.* 2:109–1, both the property of one Harriet Willever. Upon appeal he assigned as error the refusal of the trial judge to charge the following request:

"What is set out in the first and second counts of the indictment charges the defendant with burning the barn, mill, and dwelling house of Harriet Willever. It does not appear by the testimony that any one was in the actual and immediate possession of either the mill, barn, or dwelling house mentioned in those two counts at the time of the burning of either of them, or that it was the property of Harriet Willever. Therefore, the defendants cannot be convicted under either of said counts, which requires the offense to be against the person in the actual and immediate possession of the buildings of the property of Harriet Willever."

In finding no error, the former Supreme Court's holding, subsequently sustained by the Court of Errors and Appeals, was as follows:

"The purpose of the request, however, was to have the court charge that the amendment to the Crimes Act of 1919, chapter 106, did not alter the status of the law, as defined in the cases of *State v. Fish*, 27 *N. J. L.* 323, and *State v. Lentz*, 92 *Id.* 17. The amendment of 1919 was for the express purpose of changing the law as laid down in these cases. After the 1919 amendment all that was required to sustain the conviction for statutory arson or for burning buildings was that the state proved beyond a reasonable doubt, first, the burning of the building or dwelling, and, second, either willful or malicious burning."

It would thus appear that both lower tribunals were in error in believing that a conviction under the first indictment was precluded because the State's proofs showed that Shurman's house was not occupied at the time of the burning.

We suppose that present decisional law barring the State from appellate review of a judgment of acquittal, *State v. Hart*, 88 *N. J. L.* 48 (*Sup. Ct.* 1915), affirmed 90 *N. J. L.*

261 (*E. & A.* 1917); *cf. City of Newark v. Pulverman,* 12 *N. J.* 105 (1953), is the reason the State resorted to the alternative of the second indictment in an effort to prevent Midgeley from escaping punishment for his alleged crime. Nevertheless, the prosecution of the second indictment cannot be permitted if the offense thereunder is, within the sweep of the constitutional provision, the same offense of which Midgeley stands acquitted, and even if error was committed in directing the acquittal. The plea of double jeopardy must be honored, though a regrettable defeat of justice may result. "* * * occasional failures of justice are outweighed by the general personal security * * *. Such misadventures are the price of individual protection against arbitrary power." *State v. DiGiosia,* 3 *N. J.* 413 (1950).

Is, then, the charge laid in the second indictment the "same offense" of which Midgeley was acquitted under the first indictment? We think that it is. Upon his trial under the first indictment he was in jeopardy of conviction not only of the offense charged therein but also, under rule of court, might have been "found guilty of an offense necessarily included in the offense charged, or of an attempt to commit either the offense charged or the offense necessarily included therein if the attempt is an offense." *Rule* 2:7 –9(*c*), now *R. R.* 3:7–9(*c*) (the rule expands upon and supersedes *R. S.* 2:190–11 which was dropped in the legislative revision of *Title* 2 and was not in effect at the time of Midgeley's trial). Thus if the second indictment charges either an offense "necessarily included" in the offense laid in the first indictment or an attempt to commit either such offense or the offense necessarily included therein, prosecution under the second indictment is barred. "Same offense" in terms of double jeopardy includes not only the offense charged in the first indictment but also any offense of which the accused could properly have been convicted on the trial of the first indictment. *The King v. Barron* [1914], 2 *K. B.* 570. "Where the accused may be convicted of a lesser offense included in the greater laid in the indictment, an acquittal or

conviction of the greater offense is on grounds of former jeopardy a bar to a subsequent trial for the lesser offense." *State v. DiGiosia, supra,* 3 *N. J.,* at 419.

The statute alleged in the second indictment to have been violated by Midgeley is *R. S.* 2:109–3(*b*). The State conceded on the reargument that this statute embraces the crime of an *attempt* to burn "any dwelling house," *State v. Fish, supra; State v. Lentz, supra,* and, further, that if the crime charged is to be identified from the statutory reference, the "word 'unoccupied' [in the indictment] is meaningless," and that the second indictment is then to be taken as charging Midgeley with an attempt to commit the crime of the commission of which he stands acquitted, with the result that prosecution of the second indictment is barred.

The State urges, however, that the crime charged should not be identified solely from the statutory reference and that from a reading of the entire context of the indictment in light of the difficulties presented on the trial of the first indictment, it becomes clear, and was certainly clear to the defendant, that the reference to *R. S.* 2:109–3(*b*) was in error and that the reference intended was to *R. S.* 2:109–2(*a*) which section, it is said in the State's brief, "embraces all of the types of structures which but for the fact that they are unoccupied would be deemed dwellings, or buildings within the curtilage thereof."

██ Our reading of the context of the indictment apart from the statutory reference does not persuade us that the charge made is of the commission of the high misdemeanor under *R. S.* 2:109–2(*a*) rather than of the simple misdemeanor under *R. S.* 2:109–3(*b*). But the State's view of the indictment and of the reach of *R. S.* 2:109–2(*a*) does not in any event strengthen the State's contention upon the question for decision. If despite the holding in the *Snover* case the burning of an unoccupied dwelling house is the commission of the high misdemeanor under *R. S.* 2:109–2(*a*) and not of the greater crime under *R. S.* 2:109–1 punishable by imprisonment up to 15 years and a fine up to $2,000, nonetheless, on that view the two crimes do not differ as to the ingredients

to be proved except as to the fact of occupancy. Thus the lesser offense under *R. S.* 2:109–2(*a*) was "necessarily included" in the crime charged in the first indictment, and since pursuant to *Rule* 2:7–9(*c*) Midgeley on the trial thereof might have been found guilty of the lesser offense, the conclusion is compelled that his trial upon the second indictment is barred.

Reversed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice OLIPHANT—1.