139 N.J. Super. 135 (1976)
353 A.2d 101
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN GODFREY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1975.
Decided February 4, 1976.
*136 Before Judges HALPERN, CRANE and MICHELS.
Ms. Randall W. Westreich, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney).
Mrs. Sybil R. Moses, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney).
*137 The opinion of the court was delivered by HALPERN, P.J.A.D.
A brief summary of the events leading to the present indictment is necessary to understand the issues presented. Defendant Kevin Godfrey was arrested on July 1, 1974 by Officer Edward Rodriguez of the Englewood Cliffs Police Department when he found defendant in possession of a Chevrolet van motor vehicle which he ascertained had been stolen earlier that day, or the day before, in Unionville, New York. Defendant was charged with, and subsequently indicted for, unlawfully receiving a motor vehicle knowing it to have been stolen, in violation of N.J.S.A. 2A:139-3.[1]
A nonjury trial was held on September 23, 1974 at which the State proved defendant had taken a Chevrolet van, bearing New York registration plates, without the permission of its owner, Eileen Gould, while it was parked in front of her home in Unionville, New York.
At the close of the proofs the trial judge acquitted defendant. He found defendant has stolen the van in the State of New York and, therefore, could not be guilty of receiving it in violation of N.J.S.A. 2A:139-3. In acquitting defendant he said, "* * * this Court is of the opinion that this defendant should have been charged with some other offense in New Jersey or in another jurisdiction, but certainly not in this statute." We agree with his determination since it is obvious that defendant could not have received or purchased the van in New Jersey.
Thereafter, in November 1974, defendant was indicted for having feloniously stolen the van in Unionville, New York, and "did knowingly bring the said vehicle into the State of New Jersey * * * contrary to the provisions of N.J. *138 S.A. 2A:119-9 * * *." Defendant's motion to dismiss the indictment on double jeopardy grounds was denied. We granted defendant's application for leave to appeal, and now reverse.
Admittedly, the prosecutor knew the pertinent facts outlined above when he obtained the first indictment, and he presented the same facts to a grand jury when he obtained the second indictment. It is clear that if the second indictment were to be tried, the State would offer substantially the same proofs presented at the first trial. Under these circumstances, the motion to dismiss should have been granted whether it be on grounds of double jeopardy or fundamental fairness.

DOUBLE JEOPARDY
The double jeopardy doctrine was clearly and succinctly enunciated in State v. Farmer, 48 N.J. 145 (1966), cert. den. 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335 (1967):
One of the most basic rights possessed by the people of this State and of the United States is freedom from being put in jeopardy a second time for the same criminal offense. State v. Roller, 29 N.J. 339 (1959). This principle, which grew into the common law and became rooted in tradition and conscience, was embodied in our Constitutions of 1844, Art. I, par. 10, and of 1947, Art. I, par. 11. Both paragraphs prohibit the trial of a person after acquittal for the same offense. The Fifth Amendment to the United States Constitution expresses the common law prohibition in more general terms, i.e., "* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." In the light of historical evolution and treatment, the difference in language in the context of the present case is without distinction in meaning. The clauses are coextensive in application. State v. Wolf, 46 N.J. 301 (1966); State v. Williams, 30 N.J. 105 (1959). [at 167-168]
The term "same offense" has been variously defined. In State v. Mowser, 92 N.J.L. 474, 483 (E. & A. 1918), it was interpreted to mean "not only * * * the same offense as an entity and designated as such by legal name, but also *139 any integral part of such offence which may subject an offender to indictment and punishment. * * *"
As was aptly pointed out in State v. Midgeley, 15 N.J. 574, 579 (1954), "* * * `same offense' [when considered] in terms of double jeopardy includes not only the offense charged in the first indictment but also any offense of which the accused could properly have been convicted on the trial of the first indictment." Based on the facts known to the State, the original indictment should have charged a violation of N.J.S.A. 2A:119-9 for knowingly bringing a stolen vehicle into New Jersey. If the State had any doubts as to the facts, it could have indicted defendant under both statutes and, at an appropriate time, elected on which to proceed. State v. Moran, 136 N.J. Super. 188, 192-193 (App. Div. 1975). In addition, the State could have moved before or during trial to amend the indictment to charge such violation. The amendment, if requested, would in all probability have been permitted since the proofs would have been the same and no prejudice would have resulted. State v. Bott, 53 N.J. 391, 402-403 (1969); State v. La Fera, 35 N.J. 75, 81 (1961); State v. Torrance, 41 N.J. Super. 445 (App. Div. 1956), certif. den. 23 N.J. 59 (1956).
Since we are here presented with a single offense, plural prosecutions for that offense violate the double jeopardy clauses of the State and Federal Constitutions. This is so because the suppression of successive prosecutions (and multiple punishments) is necessarily the protective function of the constitutional guarantee. Green v. United States, 355 U.S. 184, 187-188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); State v. Greely, 30 N.J. Super. 180 (Law Div. 1954), aff'd 31 N.J. Super. 542 (App. Div. 1954).
In State v. Penn. R.R. Co., 9 N.J. 194 (1952), the double jeopardy doctrine was defined thusly:
* * * where both crimes were the product of the same, identical act and there was a conviction or acquittal of one under the indictment for the alleged crime, a plea of autrefois acquit or autrefois *140 convict, as the case may be, is a good bar to the trial of the other indictment. [at 199]
In State v. Currie, 41 N.J. 531 (1964), the court said:
In applying the prohibition against double jeopardy, the emphasis should be on underlying policies rather than technisms. The primary considerations should be fairness and fulfillment of reasonable expectations in the light of the constitutional and common law goals. [at 539]
The philosophy expressed in the cited cases was utilized, in one form or another, in State v. Labato, 7 N.J. 137, 145 (1951); State v. Di Giosia, 3 N.J. 413, 420-421 (1950); State v. Rhein, 117 N.J. Super. 112, 119 (App. Div. 1971); State v. Cooper, 13 N.J.L. 361, 370-371 (Sup. Ct. 1833).

FUNDAMENTAL FAIRNESS
The philosophy behind whatever doctrine is utilized to bar a second criminal trial based on the same, or essentially the same, facts rests upon the principle of fundamental fairness. Courts must not apply these doctrines with a "hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality. * * * [I]t surely protects a man who has been acquitted from having to `run the gantlet' a second time." Ashe v. Swenson, 397 U.S. 436, 444-446, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In short, the State with all the resources and power at its command should not be permitted to make repeated attempts to convict a person for an alleged offense, thereby subjecting him to expense, embarrassment and ordeal, and compelling him to live in a continuing state of anxiety and insecurity. Green v. United States, supra; State v. Currie, supra; State v. Redinger, 64 N.J. 41 (1973). This is especially true where the State knows the facts and has a choice of statutes under which it may prosecute. See Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); United States v. Kramer, 289 F.2d 909 (2 Cir. *141 1961); Mayers and Yarbrough, "New Trials and Successive Prosecutions," 74 Harv. L. Rev. 1 (1960); American Law Institute Model Penal Code, § 1.09.
The fact that the State, with knowledge of the facts, chose the wrong statute under which to prosecute will not cause us to depart from these long-established and deep-rooted principles. As indicated in State v. Di Giosia, supra, "Such occasional failures of justice are outweighed by the general personal security offered by the great principle of freedom from double jeopardy. Such misadventures are the price of individual protection against arbitrary power." 3 N.J. at 421.
Finally, and perhaps most significantly, our Supreme Court in State v. Gregory, 66 N.J. 510 (1975), pointed out that when a double jeopardy defense is sustained on constitutional grounds, the various tests used by the courts over the years have, at best, been "elusive." Basing its determination on grounds of fundamental fairness and not constitutional grounds, and adopting § 1.07(2) of the American Law Institute's Model Penal Code, the court held a defendant may not be subjected to separate trials for multiple offenses based on the same conduct, or arising from the same criminal episode, where the State knows of the offenses when it begins the first trial and the offenses are within the court's jurisdiction. See also Knowlton, "Criminal Law and Procedure," 11 Rutg. L. Rev. 71; Bigelow, "Former Conviction and Former Acquittal," 11 Rutg. L. Rev. 487 (1957).
As previously indicated, the facts in the instant case fall squarely within Gregory. It would not only be patently unfair to defendant to compel him to run the "gantlet a second time," but it would be contrary to the goals hoped to be achieved by Gregory and Currie.
The judgment below is reversed and the indictment dismissed.
NOTES
[1] Any person who receives or purchases a motor vehicle knowing it to have been stolen, is guilty of a high misdemeanor, and shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 10 years, or both.