WILLIAM KOCSES, PROSECUTOR, v. ARTHUR W. MAGEE, COMMISSIONER OF MOTOR VEHICLES, RESPONDENT.

Submitted January 18, 1944—Decided May 2, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Thomas Brunetto.*

For the respondent, *David T. Wilentz,* Attorney-General, and *Louis M. Mallin,* Special Counsel to the Motor Vehicle Department.

The opinion of the court was delivered by

PERSKIE, J.   The question for decision is the validity *rel non* of the revocation, by the Commissioner of Motor Vehicles, of prosecutor's license to operate a motor vehicle in this state.

On statutory review (*R. S.* 39:5–23), Mr. Justice Parker, on June 12th, 1943, set aside prosecutor's conviction, in the Mayor's Court of the Borough of Caldwell, apparently for

driving a motor vehicle while under the influence of intoxicating liquor. The ground upon which that conviction was set aside was that the "record of conviction" failed, contrary to the statute, to include the "statement of the evidence adduced at the trial." Pursuant to that disposition, he ordered that the "fine" of $200 and "costs" of $25 imposed "be remitted" to prosecutor and that he "be restored" in all "things" which he "had lost" by reason of the "judgment of conviction" and the "sentence rendered therein."

Thereafter, on August 20th, 1943, the Commissioner of Motor Vehicles (hereafter referred to as Commissioner) notified prosecutor, in writing, of his proposed revocation of prosecutor's driver's license by virtue of the provisions of R. S. 39:5-30. The "reasonable grounds" set down, pursuant to that statute, are that on

"February 22d, 1943, at 10:00 P. M." prosecutor "drove a motor vehicle in Bloomfield, North Caldwell, New Jersey, in a careless and incompetent manner, thereby causing an accident, after which [he] left the scene of such accident without identifying [himself] as required."

Prosecutor desired a hearing. Such a hearing was afforded him on September 17th, 1943. He was represented at the hearing by counsel. No purpose is to be served in detailing the proofs; they are not questioned. It should suffice, therefore, to observe that the deputy commissioner who heard the proofs, concluded that prosecutor did operate his automobile in the manner charged thus "jeopardizing the safety of the users of said highway," and accordingly "revoked" prosecutor's license for "an indefinite period."

On September 17th, 1943, the Commissioner entered an order by the terms of which he made the same factual finding that his deputy commissioner made, and accordingly revoked prosecutor's license to drive a motor vehicle in this state. Prosecutor was allowed a writ of *certiorari* challenging the propriety of that revocation. That challenge is clearly without merit.

For prosecutor it is argued here, as it was below, that the proceedings upon which the challenged result was reached do not comply with the provisions of R. S. 39:5-3. That

is correct. But the answer is that this is not the statute which was invoked. The statute invoked, as already pointed out, was *R. S.* 39:5-30. A mere reading of the two clearly indicates their distinct substantive and procedural differences. These differences are not altogether of recent origin. *Cf. Pamph. L. 1921, ch.* 208, *p.* 648, § 6, and *p.* 676, § 24. Although it is not mentioned, we have not overlooked the case of *Fredericks* v. *Magee,* 14 *N. J. Mis. R.* 538; 186 *Atl. Rep.* 444. That case is clearly distinguishable. In that case, the recorder set aside the conviction on substantive grounds and not as in the case at bar on a procedural ground. Thus we held that when the judgment fell the resultant penalty (including revocation of relator's driver's license) fell with it. The relator was then tried on the merits and was acquitted. Moreover, in the Fredericks case, unlike in the case at bar, the Commissioner of Motor Vehicles did not revoke relator's license "after due notice in writing" of the proposed revocation and of the grounds thereof. The challenged order of the Commissioner is not, under the circumstances, rendered nugatory because prosecutor's conviction had been set aside by Mr. Justice Parker on a procedural ground. The order under review here is a valid and proper order fully supported substantively and procedurally. We so hold.

Notwithstanding the stated single point raised and argued by prosecutor below, it is here argued, for the first time, that the deputy commissioner had no authority to hear the matter and that he did not make a recommendation, in writing, to the Commissioner that prosecutor's license be revoked. The argument is without merit. The deputy commissioner had jurisdiction of the subject-matter (*R. S.* 39:2-4; *R. S.* 39:5-30), and of the parties. Without objection, save as first indicated, prosecutor appeared before the deputy commissioner, he had the benefit of counsel, he offered his proofs and otherwise participated in the hearing on the merits. Under these circumstances, the points made are not of the character that merit consideration when raised here for the first time. *Kluczek* v. *State,* 115 *N. J. L.* 105; 178 *Atl. Rep.* 632; *State* v. *Rowe,* 116 *N. J. L.* 48, 50; 181 *Atl. Rep.* 706; *affirmed,* 122 *N. J. L.* 466: 5 *Atl. Rep.* (2d) 697.

Nor is the hearing by the deputy commissioner to be set aside because he characterized the result thereof as "conclusions" rather than "recommendations" as prescribed by *R. S.* 39:5–30. To do so would be merely to juggle words. We treat his conclusions as recommendations. So did the Commissioner. His challenged order so indicates.

The writ is dismissed, with costs.