30 N.J. Super. 325 (1954)
104 A.2d 717
MARY E. SYLCOX, DEFENDANT-APPELLANT,
v.
WILLIAM J. DEARDEN, DIRECTOR OF DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, AND THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, PLAINTIFFS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1954.
Decided April 22, 1954.
*327 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. Peter Friedman argued the cause for appellant (Messrs. Mackerley and Friedman, attorneys).
Mr. James T. Kirk, Deputy Attorney-General, argued the cause for respondents (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey).
The opinion of the court was delivered by JAYNE, J.A.D.
At about 7:45 o'clock on the morning of January 19, 1953 the automobile operated by the appellant Mary E. Sylcox came into collision with another motor vehicle on State Highway No. 84 in Wantage Township, Sussex County. She was summoned to answer in the Sussex County District Court (N.J.S. 2A:6-37) a complaint accusing her of violating the terms of N.J.S.A. 39:4-86. Presumably to render the charge more definite the summons contained the words "improper passing" and "in face of oncoming traffic" The applicable paragraph of the statute reads:
"The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless the left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be made in safety."
At the conclusion of the trial she was adjudged not guilty. It is this acquittal to which the appellant ascribes decisive significance in the prosecution of the present appeal.
The ensuing event was that the Director of the Division of Motor Vehicles exercised on August 26, 1953 the authority conferred upon him by R.S. 39:5-30 and gave notice in writing to the appellant of the proposed revocation of her *328 driver's license. The reason stated in the notice was that she "operated a motor vehicle on January 19, 1953 on State Highway No. 84 in Wantage Township, Sussex County, New Jersey at about 7:45 A.M. in violation of the law, to-wit, Section 39:4-97 of the Revised Statutes (careless driving) and 39:4-86a (pulling to left side to pass when that side was not clearly visible and free of oncoming traffic), thereby causing an accident."
It is evident that the offense indicated in the notice as a violation of N.J.S.A. 39:4-86 is the alleged transgression of which the appellant had been acquitted. It must be additionally observed that the other reason specified for the proposed revocation of the driver's license was her careless and imprudent driving on the designated occasion in disobedience of N.J.S.A. 39:4-97.
At the hearing the attorney of the present appellant resisted the proposed revocation of the license with the insistence that the previous acquittal sustained a plea of autrefois acquit and that the proceeding to revoke the license subjected the appellant to double jeopardy.
The director resolved that reasonable grounds existed for the revocation of the license in that on the stated occasion the appellant had violated section 39:4-97 of the Revised Statutes and accordingly by virtue of the power and authority vested in him by R.S. 39:5-30 ordered that the license theretofore issued to the appellant to drive a motor vehicle in the State of New Jersey be revoked indefinitely. The legality of the order is the subject of the present appeal.
The relevant paragraph of N.J.S.A. 39:4-97 reads:
"A person driving a vehicle on a highway shall drive it at a careful and prudent speed, not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and of any other conditions then existing, and no person shall drive a vehicle on a highway at such a speed as to endanger the life, limb or property of a person."
It is immediately noticeable that while the district court had resolved that the appellant had not violated N.J.S.A. *329 39:4-86, the director determined that she had in fact offended N.J.S.A. 39:4-97. A comparison of the two sections of the statute renders it plainly conceivable that the conduct of a driver illustrated by the factual circumstances might offend the provisions of the one section and yet not constitute an infraction of the other.
The inhibition contained in our State Constitution of 1844 (Art. I, par. 10) and transplanted in our new Constitution of 1947 (Art. I, par. 11) reads: "No person shall, after acquittal, be tried for the same offense." (Emphasis ours) Consult, State v. Shoopman, 11 N.J. 333 (1953).
The true test of former jeopardy is whether the evidence necessary to sustain the second complaint would have been sufficient to secure a legal conviction on the first, unless there has been a prior acquittal or conviction of a greater offense which was inclusive of the lesser offense sought to be subsequently prosecuted. State v. DiGiosia, 3 N.J. 413 (1950).
In the present appeal, were we to regard the two proceedings as criminal prosecutions, we have not been supplied with any transcription or statement of the evidence adduced at either the prior court trial or at the hearing before the director. The record before us from which we are obliged to derive our authentic information indicates that offenses of distinctly different elements were presented for adjudication in the respective proceedings.
We may, however, incidentally mention that pleas of autrefois acquit and the rule of former jeopardy have appropriate application only to criminal prosecutions. State v. Labato, 7 N.J. 137 (1951). It is observed that in the hearing concerning the proposed revocation of the appellant's license, the director functioned as an administrative agent in what may be characterized as a regulatory inquiry to ascertain whether "for a violation of any of the provisions of this Title or on any other reasonable grounds" the license should be suspended or revoked. N.J.S.A. 39:5-30.
The suspension or revocation of a driver's license need not necessarily be regarded as punitive in purpose. It may *330 be a measure for the prospective safety and protection of the traveling public in the nature of an auxiliary remedial sanction. Cf. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1937); United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1942). However, it is not essential to the determination of the present appeal to ascribe any descriptive appellation or legal characterization to such a proceeding.
The final point projected on behalf of the appellant lacks a basic foundation in the statute. The insistence is that the action of the director was "arbitrary and capricious" in that the notice of the proposed revocation of the license was not given to the appellant within 30 days after the commission of the offense in disobedience of N.J.S.A. 39:5-3.
Manifestly the provisions of that section of the statute apply to magistrates and those lawfully acting as such. Although the director is invested with the judicial powers of a magistrate in the area of the Motor Vehicle Act (N.J.S.A. 39:5-2), yet it is conspicuous that in the hearing under review he did not function in that capacity. We are not aware of any prescribed limitation of time, similar or otherwise, governing the exercise of the powers of the director under N.J.S.A. 39:5-30. Vide, Kocses v. Magee, 131 N.J.L. 499 (Sup. Ct. 1944).
The order under review is affirmed.