STATE OF NEW JERSEY, PROSECUTOR, v. OTHA
BRANDON, DEFENDANT.

Essex County Court
Law Division

Decided September 24, 1954.

270

*Mr. Abram A. Golden,* attorney for defendant.

*Mr. Fred W. Jung, Jr.,* attorney for prosecutor.

The opinion of the court was delivered by

WAUGH, J. C. C. Defendant Otha Brandon was charged by complaint dated May 27, 1954, that he "did at 261 Prince Street commit an act of malicious mischief in that he did *remove* certain plumbing and sanitary fixtures, coal range and other fixtures," in violation of *N. J. S.* 2*A*:170–36.

*N. J. S.* 2*A*:170–36 provides:

"Any person who maliciously destroys, defaces, damages or injures property, may, where the damage does not exceed the sum of $200, be adjudged a disorderly person."

Upon trial at the Municipal Court of the City of Newark, he was convicted. Upon appeal to the County Court, the following facts developed at the trial before me:

A person by the name of Lucille Harris rented certain premises in the City of Newark from one Isaac Hendler, father of the complaining witness in the case. Mrs. Harris, while she was tenant, made a deal for the sale of her goods and chattels to the defendant Otha Brandon, whereupon Brandon entered into a lease with Hendler (S–2 in evidence) to take possession of the property as tenant. Thereafter, a renewal lease (S–1 in evidence) was entered into between landlord and tenant.

Both Mrs. Harris and defendant Brandon had some very fuzzy notion about title to or ownership of certain plumbing fixtures installed by Mrs. Harris, including pipes installed along the walls and sold by her to defendant Brandon. It is clear, however, that leases S–1 and S–2 in evidence and the prior lease between Mrs. Harris and Hendler provided that "all improvements made upon the premises should belong to the landlord." Defendant denied any injury to the landlord's freehold. He did not even admit to removing the fixtures. However, I find beyond reasonable doubt that defendant Brandon did in fact remove the fixtures before his term ended, and in so doing damaged the freehold owned by Mr. Hendler.

It is just as clear, however, that Brandon removed the fixtures in the mistaken belief that having "purchased"

them from Mrs. Harris, he was entitled to them. The removal was "unlawful" in that it was without legal cause or excuse. See *State v. Orecchio*, 27 *N. J. Super.* 484 (*App. Div.* 1953), at *page* 489, affirmed 16 *N. J.* 125 (1954).

I find further from the facts that the amount of damages done to the freehold, including walls and plumbing, was $195 without taking into consideration the value of the fixtures removed. It is clear that the value of such fixtures exceeded the sum of $5 and brought the actual damage to the property belonging to the father of complaining witness well above the $200 limitation as provided in *N. J. S.* 2A:170–36.

■ Defendant urges firstly that he actually is charged with larceny and that unless he waives indictment and jury trial under *N. J. S.* 2A:8–21, he may not be tried before the magistrate; secondly, that the State is attempting to split one criminal offense, namely, the act of the removal of the fixtures and resultant damage to the freehold, into two parts by charging malicious mischief by way of damage to the freehold to the extent of $195, bringing him within the $200 limitation of *N. J. S.* 2A:170–36, thus leaving open a possible charge of larceny or other complaint for the removal of the fixtures; and thirdly, that the defendant, if anything, is guilty of a violation of *N. J. S.* 2A:170–93, which provides as follows:

"Any person who, being possessed of a dwelling house or other building, or part thereof, held for any term of years or other less term, or at will, or held over after the termination of any tenancy, unlawfully and maliciously (1) pulls down or demolishes or begins to pull down or demolish the same or any part thereof, or (2) pulls down or severs from the freehold any fixture fixed in or to such dwelling house or building, or part thereof, is a disorderly person."

Although evidence was admitted without objection on the part of the defendant regarding damage to the freehold, one may search the complaint in vain for a charge that defendant committed any act prohibited by the statute. He is charged with an act of malicious mischief in "removing." Nowhere does one find the statutory words: "destroy, deface,

damage or injure," and I find that there is merit to the defendant's first contention.

 Turning now to defendant's second contention—if in fact he is put in second jeopardy for this offense, he has a complete defense to any criminal complaint in a plea of *autrefois convict* under the authority of the *State v. Labato,* 7 *N. J.* 137 (1951).

However, Justice Heher in the case of *State v. Labato, supra,* at *page* 146, uses the following language:

"Said Justice Drake in *State v. Cooper, supra*: 'If in civil cases, the law abhors a multiplicity of suits, it is yet more watchful in criminal cases, that the crown shall not oppress the subject, or the government the citizen, by unnecessary prosecutions.' In short, the question is whether the offenses charged are essentially severable and hence distinct, and one is not included in the other. Is the one a constituent part of the other? If, continued Justice Drake in that case, 'the whole offense in the eye of reason and philosophy is one, we ought not to presume that the legislature meant to punish it as two. And indeed the power of the Legislature to subdivide offenses must be restrained by the constitutional provision which I have noticed; otherwise that provision may be evaded at pleasure.'"

 I find that the only proper charge against the defendant is that which is set forth in section 2*A*:170–93.

The State urges that it is immaterial whether the defendant is charged under section 2*A*:170–36 or 2*A*:170–93, since section 2*A*:170–36 is embracive of 2*A*:170–93.

For a long period of time trespasses upon land were not punishable except by civil suit. Gradually, criminal penalties were provided, but were held not to be applicable when the alleged trespass was under color of right. See *State v. Clark,* 29 *N. J. L.* 96 (*Sup. Ct.* 1860).

 The act for the punishment of crimes, *L.* 1898, *c.* 235, made provision for acts of trespass and malicious mischief. Paragraph 136 of that act (*page* 831) is the source of *N. J. S.* 2*A*:170–93, having been down-graded from a misdemeanor to a violation of the Disorderly Persons Act. In order to prove a violation of section 2*A*:170–93, it is necessary to prove three elements, namely, tenancy, unlawfulness and maliciousness.

Section 2A:170–36, originally L. 1905, c. 183, was added as a supplement to the Disorderly Persons Act of 1898. It is interesting to note that in the statutes it is found under Article 3, entitled "Trespassing; Injury to Real and Personal Property"; whereas section 2A:170–93 is part of Article 10 entitled "Rentals of Property and Injuries Thereto."

■ Since it is clear that the defendant was not a trespasser, but rather removed the fixtures under some color of right, I find that he is not guilty under section 2A:170–36.