[Crim. No. 2915.   Third Dist.   Mar. 5, 1959.]

THE PEOPLE, Respondent, v. RODELL KELLY, Appellant.

*Assigned by Chairman of Judicial Council.

388

Walter D. Cook, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—After trial by the court without a jury appellant was found guilty of robbery in the first degree.

On the evening of April 29, 1958, three people were in a restaurant in Sacramento County. They were Mrs. Del Monico, who was the cook and a coowner of the restaurant, Scharleene Spencer, a waitress, and Fred T. Young, a customer. Appellant was charged separately with robbing the three. At the conclusion of the trial and on motion of the district attorney, the trial court dismissed the counts charging robbery of the waitress and the customer. The court found appellant guilty of robbing Mrs. Del Monico.

There was evidence that at about 7 p. m. Mrs. Del Monico admitted Fred Young to the restaurant and then locked the door. She returned to the kitchen to prepare food for him. Within minutes thereafter Mrs. Spencer saw appellant standing by the door. She walked over and opened the door to inform him the restaurant was closed. He displayed a .45 caliber automatic pistol and pushed his way in. Mrs. Spencer

screamed, whereupon appellant told her to shut up and sit down. He then entered the kitchen, grabbed Mrs. Del Monico's wrist, and twisted it, and told her to open the cash register. She did so and gave to appellant the cash contents amounting to about $50. Appellant then turned to Mrs. Spencer and took from her $2.00 she carried in a purse. He then turned to Young and took from him his wallet, extracted therefrom $12 and before leaving gave the wallet to Young. He ordered the three to lie down on the floor and to remain there for three minutes, failing which he would shoot. He left the restaurant. Mrs. Del Monico immediately notified peace officers who started a search. Appellant was arrested about four and a half hours thereafter. He was found lying on his stomach on some boards by a pumphouse located at the rear of a house on Cypress Street. When discovered he was lying with his right hand under him, his left hand stretched out in front. A search of the place where he was lying disclosed, under the boards, a .45 automatic pistol that was cocked and loaded. It had one shell in the chamber and two shells in the clip. Appellant was positively identified by all three of his victims. It is obvious that the evidence was sufficient to sustain the conviction that he had robbed Mrs. Del Monico.

Appellant assigns as error the court's refusal on his motion to strike out the testimony of the officer that the gun when found was loaded. He argues that there was no evidence that it was loaded at the time of the robbery. ■ The revolver, whether loaded or not, was a deadly weapon within the meaning of section 211a of the Penal Code. (*People* v. *Rainey,* 125 Cal.App.2d 739, 741 [271 P.2d 144].) ■ The testimony related also established sufficiently that the gun had been loaded when he used it to commit the robbery. The officers had been continually searching the area wherein he was found and the fact that when found the weapon was near his hand, although concealed under the boards, and that it was then loaded, was sufficient to warrant a finding that it had been loaded when he used it at the restaurant to compel his victims to give their money to him. The lapse of time affects merely the weight of the evidence. (*People* v. *Green,* 13 Cal.2d 37 [87 P.2d 821].) ■ It was material for the People to show that the robbery had been committed with a dangerous or deadly weapon so as to fix the degree of the crime and also to prove the elements of force and fear.

■ The court did not err in refusing to strike the testimony of the officers as to the condition of the gun when found.

■ Appellant next contends that a fatal variance exists between the pleading and the proof as to the date of the commission of the offense charged. He argues that the information alleges appellant committed the offense on the 29th of April, 1958, and that the prosecution failed to establish the commission of the crime on that day. The contention is not borne out by the record. There was testimony that Mrs. Del Monico immediately notified the sheriff's office of the commission of the robbery; that the officers began searching the area almost immediately and within about four hours found and arrested the appellant. Although the victims of the robbery were uncertain as to the date, they clearly identified the occurrence and the sheriff's deputy testified that he answered the call, found the appellant, arrested him and that these transactions occurred on the 29th of April. The date was thus sufficiently proved and there was no variance.

■ Finally, appellant contends he had been twice placed in jeopardy for the same offense. He argues that the crimes charged were connected in one transaction and constituted but one offense; that the dismissal of counts two and three would bar further prosecution on count one. Although the three robberies were committed in close succession while appellant was in the restaurant, nevertheless they were three separate and distinct crimes. He first took the money from Mrs. Del Monico. He next took money from the waitress, and then took money from the customer. ■ "In crimes against the person, there are as many offenses as persons affected." (*People* v. *Galvin*, 148 Cal.App.2d 285, 293 [306 P.2d 575].) There is no merit in this last contention.

The judgment appealed from is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.