STATE of Missouri, Respondent,

v.

Bob Fred ASHE, Alias Bobby Fred Ashe, Appellant.

No. 48539.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

William H. Costello, John C. Pohlman, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

WESTHUES, Presiding Judge.

On June 22, 1960, appellant Bob Fred Ashe was convicted of robbery in the first degree. The information, in addition to the charge of robbery, alleged that Ashe had previously been convicted of crimes and had served prison sentences therefor. Ashe was sentenced to serve thirty-five years in the State Penitentiary. An appeal was taken to this court.

The only point briefed on this appeal is that the trial court erred in not sustaining a motion to dismiss the present charge. The ground of the motion was that Ashe had previously been tried for this same offense and had been acquitted by a jury.

The evidence introduced by the State supports the following statement of facts: In the early morning hours of January 10, 1960, the defendant Ashe, in company with Eric Larson, Thomas Brown, and John Edward Johnson, entered the home of one John Gladson in Lee's Summit, Jackson County, Missouri. Present in the home at the time were Mrs. Gladson, who was in her bedroom, her husband, John Gladson, Don Knight, Jerry Freeman, Orville Goodwin, Richard McClendon, and Ray Roberts. The men were in the basement of the home playing poker. There was a substantial sum of money on the table where the game was in progress. Defendant and his companions entered the basement. The men playing poker were ordered to remove their trousers. One shotgun and at least two pistols were used to persuade the poker players to obey the orders. Defendant and his companions took the money from the table and also took from the persons of the players money, rings, watches, and other valuables. The above is a brief narrative of what occurred. For a more detailed statement see State v. Johnson, Mo., 347 S.W.2d 220. In that case, a conviction of Johnson on a charge of robbery in the first degree was affirmed. Johnson was charged with having robbed Don Knight.

The defendant Ashe was also charged with having robbed Don Knight. On May 3, 1960, a trial on this charge resulted in a verdict of not guilty. The defendant Ashe introduced in evidence the record of that case in support of his plea of double jeopardy. It is contended that only one robbery was committed and having been acquitted, defendant cannot be legally tried again. In the case now before us, Ashe was charged with having robbed Ray Roberts. It was proven by the State that a ring valued at $1,500, a watch valued at $85, and some cash were taken from the person of Roberts.

The question is, may the State in the circumstances as related above file a separate charge against the defendant as to each person who was robbed on the theory that defendant was guilty of more than one robbery? Or was there but one offense and therefore a conviction or acquittal on one charge is a bar to any further prosecutions?

We have read numerous cases on the subject as well as law review articles and sec-

tions in Corpus Juris Secundum and American Jurisprudence. Among the cases examined are State v. Williams, Mo., 263 S.W. 195; State v. Varner, Mo., 329 S.W.2d 623; State v. Hoag, 21 N.J. 496, 122 A.2d 628 (same case in 35 N.J.Super. 555, 114 A.2d 573; 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913); People v. Kelly, 168 Cal.App.2d 387, 335 P.2d 955; People v. Lagomarsino, 97 Cal.App.2d 92, 217 P.2d 124; Orcutt v. State, 52 Okl.Cr. 217, 3 P.2d 912; Keeton v. Commonwealth, 92 Ky. 522, 18 S.W. 359; In re Allison, 13 Colo. 525, 22 P. 820, 10 L.R.A. 790. Of special interest are the following law review articles and sections of C.J.S. and Am.Jur.: 24 Mo.Law Review (Nov. 1959) p. 513; 25 Mo.Law Review (Nov. 1960) p. 369; 42 C.J.S. Indictments and Informations § 168, p. 1123; 22 C.J.S. Criminal Law § 298, p. 785; 22 C.J.S. Criminal Law § 285, p. 746; 22 C.J.S. Criminal Law § 238, p. 614; 15 Am.Jur. 65, Sec. 390.

Our examination of the law has convinced us that an overwhelming weight of authority supports the rule as stated in 22 C.J.S. Criminal Law § 298d, p. 788: *"Robbery.* Where accused robbed two or more persons at the same time a prosecution for one of such robberies does not prevent a subsequent prosecution for another." In 15 Am.Jur. 65, 66, Sec. 390, it is stated that " * * * where several persons are robbed at the same time, the offender may be indicted and convicted for the robbery of each person as a distinct offense."

■■ It is urged that in the case where Ashe was acquitted the same issues were tried as in the present case wherein Ashe was convicted. It is true that in each case much of the evidence was of necessity the same. However, the ultimate and main issue in the first case was, did Ashe rob Don Knight? A jury by its verdict found that he did not. In the case now before us, the vital issue was, did Ashe rob Ray Roberts? A jury by its verdict found in the affirmative. Are those verdicts inconsistent? Not necessarily so. In the trial where Knight was the person alleged to have been robbed,

the jury may not have believed beyond a reasonable doubt that any property was taken from Knight. In the case now before us, the jury found that property was taken from Roberts. It must not be overlooked that it is the function of a jury to weigh the evidence in a criminal case. A verdict of guilty is not authorized unless a jury finds beyond a reasonable doubt that the defendant is guilty. Courts and text writers should not become too excited over the outcome of cases where under apparently similar circumstances one person is convicted and another is acquitted. So long as we have the jury system (and who would want to make a change) we shall have results which at times are puzzling. The same may be true of results in court-tried cases.

The doctrine of "Collateral Estoppel" has been urged as a remedy to prevent multiple prosecutions in cases such as the one now before us. The doctrine was discussed at length in 24 Mo.Law Review, commencing at page 513, and in 25 Mo.Law Review, page 369. The doctrine has some support as may be noted in the articles in the Missouri Law Reviews. It was given consideration in the dissenting opinions in the Supreme Court of New Jersey and in the United States Supreme Court in the case of State v. Hoag, supra. Those in favor of the doctrine evidently are of the opinion that its application is necessary for the protection of defendants, that is, to prevent the State from harassing an accused by multiple trials. When consideration is given to this subject, it must be kept in mind that the local authorities, the prosecutor and the trial judge, are in a better position to judge the case than textbook writers or appellate courts. Those officers are sworn to uphold the law. Consideration must be given to the rights of an accused. But the rights of the general public and the persons injured as a result of criminal deeds must also be given consideration. The Superior Court of New Jersey in State v. Hoag, supra, 114 A.2d 573, 1. c. 577(8), made a statement which we think should not be overlooked. Note what was there said: "Assuredly our prosecutors

are aware that the concept of double jeopary is designed to prevent the government from unduly harassing an accused, and we are confident that they will not resort unfairly to multiple indictments and successive trials in order to accomplish indirectly that which the constitutional interdiction precludes."

We rule that the defendant's plea of former jeopardy must be denied.

We have examined matters which we are required to review upon the record under S. Ct. Rule 28.02, V.A.M.R., and find no reversible error therein.

The judgment is hereby affirmed.

All concur.