**STATE of Missouri, Respondent;**

v.

**Bob Fred ASHE, Appellant.**

**No. 51798.**

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

**590**

Norman H. Anderson, Atty. Gen., Donald R. Wilson, Asst. Atty. Gen., Jefferson City, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

HIGGINS, Commissioner.

On June 22, 1960, appellant was convicted by a jury of robbery in the first degree, and under Section 556.280, V.A.M.S., was sentenced by the court to 35 years' imprisonment, which judgment was affirmed. State v. Ashe, Mo., 350 S.W.2d 768. He has since moved under Criminal Rule 27.26, V.A.M.R., to vacate that judgment and sentence and has appealed from the order denying his motion without a hearing.

Statements of facts in more detail may be found in State v. Ashe, supra, and State v. Johnson, Mo., 347 S.W.2d 220, but for purposes of this proceeding a brief statement will suffice. In the early morning of January 10, 1960, a poker game was in progress in a home in Lees Summit, Jackson County, Missouri. A substantial sum of money was on the table when four men armed with a shotgun and pistols entered the room and took the money and money, rings, watches, and other valuables from the six players. Shortly afterwards appellant, Eric Larson, Thomas Brown, and John Edward Johnson were arrested and charged with robbery and with stealing an automobile. A preliminary hearing was held on January 28, 1960, and all four men were ordered held for trial in the circuit court. Thereafter seven informations were filed involving appellant among which were C–29766 charging robbery of one Knight and C–29768 charging robbery of one Roberts. On May 2, 1960, appellant was acquitted of charge C–29766, and on June 20, 1960, he was brought to trial on charge C–29768, at which time he filed a Motion to Dismiss Autrefois Acquit based on the acquittal of May 2, 1960. The motion was overruled and trial resulted in the verdict and judgment previously described. The only point on the original appeal was that the court erred in not sustaining the motion to dismiss.

■ Appellant now alleges that "the court erred in failing to sustain * * * (his) motion to vacate, the appellant having been placed in former jeopardy and acquitted upon the same alleged offense in a cause wherein the identical evidence was introduced." He admits that the "Court * * * held this not to have been double jeopardy, State v. Ashe, (Mo.1961) 350

S.W.2d 768," and since this precise issue previously was adjudicated adversely to appellant, he is precluded from litigating the question further by means of a motion to vacate under Rule 27.26, supra. State v. Thompson, Mo., 324 S.W.2d 133, 139[8]; State v. Morton, Mo., 349 S.W.2d 914, 915[2]. Appellant suggests, however, that the decision of this court on original appeal "in view of the great number of recent decisions of the Supreme Court of the United States * * * is no longer in line with authority and should be overruled and the Appellant discharged * * *." Appellant's citations of State v. Clark, 220 Mo. App. 1308, 289 S.W. 963; State v. Toombs, 326 Mo. 981, 34 S.W.2d 61; State v. Bockman, 344 Mo. 80, 124 S.W.2d 1205; Green v. United States (1957), 355 U.S. 184, 78 S. Ct. 221, 2 L.Ed.2d 199, and United States v. Maybury (2 Cir. 1960), 274 F.2d 899, do not support his suggestion because they predate the original appeal in this case; and Hoag v. State of New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 was discussed in the original appeal at 350 S.W.2d 1. c. 770. Appellant's only later citation, Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100, is clearly distinguishable. There the jury was sworn to try six counts against defendant and was thereafter discharged because the prosecuting witness essential to two counts was absent. Defendant moved to dismiss those two counts, the move was opposed by the prosecution, and, subsequently, a jury was impaneled to try those counts. The court held that the defendant was twice in jeopardy because the court's action permitted the prosecution to correct circumstances in which the defendant would have been acquitted, thus permitting a second trial of the exact same charge, a situation different from that in the original appeal of this case.

■ Appellant charges denial of due process of law saying there was no preliminary hearing prior to the filing of the information upon which he was convicted. This charge is refuted on the face of appellant's motion because it recites that a preliminary hearing was held prior to the filing of the several informations against him and his companions; and, despite his statement to the contrary, the record shows that he proceeded to trial without objection in which case the right to object to any defect in connection with the preliminary hearing or lack of such hearing was waived. State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 302[1]; State v. McMillian, Mo., 383 S.W.2d 721, 722[3]; State v. Small, Mo., 386 S.W.2d 379, 381[3].

■ Appellant's motion also charges that he was denied constitutional rights by the refusal of his instruction A and that his trial was by a prejudiced jury and judge. Neither of these assignments is briefed on this appeal and they are deemed waived or abandoned. Criminal Rule 28.02, V.A.M.R.

■ Appellant contends that he was entitled to a hearing and findings of fact and conclusions of law on his motion, but since the preceding matters are determinable from the face of the motion and from the "files and records of the case" before the court, a hearing, findings, and conclusions were not required, Rule 27.26, supra; appellant was entitled to no relief, and the judgment is affirmed.

HOUSER, C., concurs.

WELBORN, C., not sitting.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.