**Bob Fred ASHE, Petitioner,**

v.

**Harold R. SWENSON, Warden, Respondent.**

**No. 1112.**

United States District Court
W. D. Missouri, C. D.

July 27, 1967.

Austin F. Shute, Robert G. Duncan, Kansas City, Mo., for petitioner.

Norman H. Anderson, Atty. Gen., Donald Randolph, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

Petitioner, an inmate at the Missouri State Penitentiary at Jefferson City, has filed this petition for a writ of habeas corpus. The petition raises questions of double jeopardy and general due process in violation of the due process clause of the Fourteenth Amendment.

In the direct appeal from his conviction, reported in State v. Ashe, Mo.1961, 350 S.W.2d 768, the Supreme Court of Missouri fully considered the double jeopardy questions raised in the present peti-

tion and discussed the questions in light of the applicable federal standards. The Supreme Court of Missouri again considered and discussed the questions in an appeal from a denial of a motion pursuant to Rule 27.26, Mo.S.Ct., V.A.M.R., reported in State v. Ashe, 403 S.W.2d 589.

■ It is clear, therefore, that this Court has present jurisdiction over this case because petitioner has exhausted his available state remedies. White v. Swenson, W.D.Mo. en banc, 1966, 261 F. Supp. 42, 45.

The essential facts were stated by the Supreme Court of Missouri in its opinion on petitioner's direct appeal. In the early morning hours of January 10, 1960, four men entered the home of John Gladson in Lee's Summit, Missouri. Present in the home at the time were Mrs. Gladson, who was in her bedroom, her husband, John Gladson, Don Knight, Jerry Freeman, Orville Goodwin, Richard McClendon and Ray Roberts. The men were in the basement of the home playing poker. The four men entered the basement armed with one shotgun and at least two pistols. The poker players were ordered to remove their pants. The four men then took money from the poker table and also took money, rings, watches, and other valuables from the persons of each of the poker players.

The petitioner was tried on May 3, 1960 on an information charging him with having robbed Don Knight. That trial resulted in a jury verdict of not guilty. The petitioner was then tried on June 22, 1960, on a separate information charging him with having robbed Ray Roberts. The second trial involved the same alleged incident as the first trial. The second trial resulted in a jury verdict of guilty.

■ On appeal from his conviction in the second trial, petitioner argued, as he does in this Court, that the second trial constituted double jeopardy because there was only one robbery of which petitioner was acquitted in the first trial. The Supreme Court of Missouri held that under Missouri law where one accused robbed two or more persons at the same time the offender may be indicted and convicted for the robbery of each of the persons as a separate and distinct offense. See 350 S.W.2d at 770. That court held in substance that separate prosecutions for what it held were different offenses did not constitute double jeopardy.

The Supreme Court of Missouri considered whether the separate offenses could be tried in separate trials. In discussing the meaning of the jury verdicts in both of petitioner's trials, that court stated:

It is urged that in the [first] case where Ashe was acquitted the same issues were tried as in the present case wherein Ashe was convicted. It is true that in each case much of the evidence was of necessity the same. However, the ultimate and main issue in the first case was, did Ashe rob Don Knight? A jury by its verdict found that he did not. In the case now before us, the vital issue was, did Ashe rob Ray Roberts? A jury by its verdict found in the affirmative. Are those verdicts inconsistent? Not necessarily so. In the trial where Knight was the person alleged to have been robbed, the jury may not have believed beyond a reasonable doubt that any property was taken from Knight. In the case now before us, the jury found that property was taken from Roberts.

The factual circumstances of this case present an almost identical situation as the case of Hoag v. State of New Jersey, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913 (1958). Four persons were robbed in a tavern. The petitioner was first tried for the alleged robbery of three of those persons. He was acquitted. Petitioner was subsequently tried for the alleged robbery of the fourth person and was convicted. The Supreme Court held that his conviction did not violate the Due Process Clause of the Fourteenth Amendment or the Double Jeopardy Clause of the Fifth Amendment as carried over

under the Fourteenth Amendment as a restriction on the States. The Supreme Court did not reach the question of whether the doctrine of collateral estoppel can be regarded as a constitutional requirement.

The collateral estoppel question was not decided because the majority of the Supreme Court felt bound by a determination of the state court that issues other than the issue of identity of the defendant were litigated in the first trial and that it was impossible to say on which issue the jury based its verdict of not guilty. The Supreme Court of Missouri, in petitioner's case, also intimated that issues other than petitioner's identity were litigated in his first trial.

Hoag v. State of New Jersey, supra, so nearly identical to this case in its factual situation, is the last decision of the Supreme Court of the United States on the issues raised here, and that case is binding on this Court. Because the same arguments presented here were rejected by the Supreme Court in *Hoag* and in *Ciucci v. State of Illinois*, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983 (1958), this Court must deny the relief sought by petitioner.

However persuasive the dissenting opinions in the *Hoag* case may be, it is the duty of this Court to follow the law as stated by the Supreme Court of the United States until it expresses a contrary view. Certainly the factual circumstances of this case provide an excellent opportunity for reexamination of the questions presented. An examination of the transcript of both trials shows that in both the single issue in real contest, as distinguished from the issues that may be said to have been in technical dispute, was the question of whether petitioner was or was not present at the time the money was taken from the poker table and the other property taken from persons of the respective poker players.

For the above stated reasons, it is

Ordered that the petition be, and is hereby, denied with prejudice.